83 F.3d 1173
 96 Cal. Daily Op. Serv. 3553, 96 Daily Journal
D.A.R. 5807
Marcia ABRAMSON, Individually and as Executor and Personal
Representative of the Estate of Maxwell Abramson, M.D.,
Deceased; Rebecca Abramson, Stuart Abramson And Deborah
Abramson Dickerson, Plaintiffs-Appellees,
v.
AETNA CASUALTY & SURETY COMPANY, a Connecticut Corporation,
Defendant-Appellant.
 No. 94-15679.
 United States Court of Appeals,
Ninth Circuit.
 May 21, 1996.
 
 Before: DONALD P. LAY,* GOODWIN and PREGERSON, Circuit Judges.
 
 ORDER
 
 1
 Aetna Casualty & Surety Company ("Aetna") has filed a petition for rehearing and suggestion for rehearing en banc. In its petition, Aetna urges us to apply the setoff provision in its insurance policy with Abramson required under New Jersey law. The setoff provision would require an injured party to offset insurance benefits by any other settlements received from other tortfeasors involved in the same accident.
 
 
 2
 This precise argument was not addressed in Aetna's brief. Aetna did argue that the setoff provision should be followed under New Jersey law. See Brief for Appellant at 21-22. It did not argue, however, that the setoff provision should be applied in the event that the district court was affirmed in applying Hawaii law.
 
 
 3
 This court in its opinion found that Hawaii law was applicable and controlled the legal consequences of the case. This court specifically held under Hawaii law that the anti-stacking provisions of Abramson's policy were against the public policy of Hawaii. The petition for rehearing now urges that notwithstanding this ruling the setoff provision of the policy as written in the policy and as required by New Jersey law should nonetheless be enforced even under Hawaii law. We disagree.
 
 
 4
 Assuming, arguendo, that such an argument was fairly presented to this court, we hold that the setoff provision would be against Hawaii's public policy, which requires an insured be allowed to receive up to the amount of actual damage available to him under existing insurance agreements. See Estate of Calibuso v. Pacific Ins. Co., 62 Haw. 424, 616 P.2d 1357, 1360 (1980). Although Hawaii has apparently not addressed this specific issue, we find the states that have a similar public policy have invalidated such setoff provisions on the ground of public policy. See Alan I. Widiss, Uninsured and Underinsured Motorist Insurance, § 41.7, at 96-98 (1990). Moreover, Aetna appears to have conceded this point before the district court, stating that under Hawaii law, "underinsured motorist coverage forms a potential additional source of recovery for the claimant over and above the liability coverage covering the tortfeasor." See Aetna's Reply Memorandum in Support of Its Second Motion for Summary Judgment Filed on December 7, 1993, at 7. Under such circumstances, we find that the state of Hawaii would hold setoff provisions invalid as a matter of public policy.
 
 
 5
 With this order, we deny Aetna's petition for rehearing and reject Aetna's suggestion for rehearing en banc.
 
 
 
 *
 Honorable Donald P. Lay, Senior Circuit Judge for the Eighth Circuit, sitting by designation